IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOHN RYAN,<br><br>        Plaintiff,<br><br>    v.<br><br>GRUBHUB INC., KATRINA LAKE, MATTHEW MALONEY, BRIAN MCANDREWS, DAVID FISHER, DAVID HABIGER, LINDA JOHNSON RICE, LLOYD FRINK, GIRISH LAKSHMAN, and KEITH RICHMAN,<br><br>        Defendants. | Case No.<br><br>COMPLAINT<br><br>DEMAND FOR JURY TRIAL+ |

Plaintiff John Ryan ("Plaintiff"), by and through his attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

**NATURE AND SUMMARY OF THE ACTION**

1. This is an action brought by Plaintiff against Grubhub Inc. ("Grubhub" or the "Company") and the members of its Board of Directors (the "Board" or the "Individual Defendants," and together with Grubhub, "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. § 240.14a-9, in connection with the proposed acquisition of the Company by Just Eat Takeaway.com N.V. ("Just Eat Takeaway"), through Checkers Merger Sub I, Inc. ("Merger Sub I") and Checkers Merger Sub II, Inc. ("Merger Sub II") (the "Proposed Transaction").

2. On November 30, 2020, Grubhub entered into an Agreement and Plan of Merger (as amended on September 4, 2020, the "Merger Agreement") with Just Eat Takeaway. Pursuant to the terms of the Merger Agreement, each Grubhub stockholder will receive 0.671 newly issued American depositary shares of Just Eat Takeaway for each Grubhub share that they own.

3. On May 12, 2021, in order to convince the Company's shareholders to vote in favor of the Proposed Transaction, the Board authorized the filing of a materially incomplete and misleading Definitive Proxy Statement with the SEC on Schedule 14A (the "Proxy Statement"), in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. The material misrepresentations and omissions in the Proxy Statement prevent the Company's shareholders from making a fully informed voting decision on the Proposed Transaction. Accordingly, the Company's shareholders will be irreparably harmed if these material misrepresentations and omissions are not remedied before the anticipated shareholder vote on the Proposed Transaction.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the Exchange Act and 28 U.S.C. § 1331 because the claims asserted herein arise under Sections 14(a) and 20(a) of the Exchange Act and Rule 14a-9.

6. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District, or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over each Defendant by this Court permissible under the traditional notions of fair play and substantial justice. "Where a federal statute such as Section 27 of the [Exchange] Act confers nationwide service of process, the question becomes whether the party has sufficient contacts with the United States, not any particular state." *Sec. Inv'r*

*Prot. Corp. v. Vigman*, 764 F.2d 1309, 1315 (9th Cir. 1985). "[S]o long as a defendant has minimum contacts with the United States, Section 27 of the Act confers personal jurisdiction over the defendant in any federal district court." *Id.* at 1316.

7. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as 28 U.S.C. § 1391, because Defendants are found or are inhabitants or transact business in this District. Indeed, the Company's stock trades on the New York Stock Exchange, which is also headquartered in this District. *See, e.g., United States v. Svoboda*, 347 F.3d 471, 484 n.13 (2d Cir. 2003) (collecting cases).

## THE PARTIES

8. Plaintiff is, and has been at all times relevant hereto, the owner of Grubhub shares.

9. Defendant Grubhub is a Delaware corporation, with its principal executive offices located at 111 W. Washington Street, Suite 2100, Chicago, Illinois 60602. Grubhub's shares trade on the New York Stock Exchange under the ticker symbol "GRUB."

10. Defendant Katrina Lake is, and has been at all relevant times, a director of Grubhub.

11. Defendant Matthew Maloney is, and has been at all relevant times, Chief Executive Officer and a director of Grubhub.

12. Defendant Brian McAndrews is, and has been at all relevant times, Chairman of the Board and a director of Grubhub.

13. Defendant David Fisher is, and has been at all relevant times, a director of Grubhub.

14. Defendant David Habiger is, and has been at all relevant times, a director of Grubhub.

15. Defendant Linda Johnson Rice is, and has been at all relevant times, a director of Grubhub.

16. Defendant Lloyd Frink is, and has been at all relevant times, a director of Grubhub.

17. Defendant Girish Lakshman is, and has been at all relevant times, a director of Grubhub.

18. Defendant Keith Richman is, and has been at all relevant times, a director of Grubhub.

19. The defendants identified in paragraphs 10 through 18 are collectively referred to herein as the "Board" or the "Individual Defendants," and together with Grubhub, the "Defendants."

## SUBSTANTIVE ALLEGATIONS

### A. Background of the Company

20. Founded in 2004, Grubhub and its subsidiaries is a leading online and mobile platform for restaurant pick-up and delivery orders. Grubhub currently connects more than 300,000 restaurants with diners in thousands of U.S. cities. The Company generates revenues primarily when diners place an order on the Company's "Platform," which is the Company's takeout marketplace, and related platforms where Grubhub provides marketing services to generate orders. As of December 31, 2020, the Company was providing delivery services in more than 460 of the largest core-based statistical areas across the country.

### B. The Proposed Transaction

21. On June 10, 2020, Grubhub and Just Eat Takeaway issued a joint press release announcing the Proposed Transaction. The press release states, in relevant part:

> Just Eat Takeaway.com N.V. (AMS: TKWY, LSE: JET), (the "Company" or "Just Eat Takeaway.com"), and Grubhub Inc. (NYSE: GRUB) ("Grubhub") have entered into a definitive agreement whereby the Company is to acquire 100% of the shares of Grubhub in an all-stock transaction (the "Transaction") to create the world's largest online food delivery company outside of China, measured by Gross Merchandise Value ("GMV") and revenues.
>
> The Transaction represents Just Eat Takeaway.com's entry into online food delivery in the United States ("U.S.") and builds on the strategic rationale for its

recent merger with Just Eat plc ("Just Eat"). A combined Just Eat Takeaway.com and Grubhub (the "Combined Group") will become the world's largest online food delivery company outside of China1, with strong brands connecting restaurant partners with their customers in 25 countries. The Combined Group will be built around four of the world's largest profit pools in online food delivery: the U.S., the United Kingdom ("U.K."), the Netherlands and Germany, increasing the Combined Group's ability to deploy capital and resources to strengthen its competitive positions in all its markets. The Combined Group has strong leadership positions in almost all countries in which it is present and will become a significant player in North America. Just Eat Takeaway.com owns the leading Canadian business SkipTheDishes. The Combined Group is one of the few profitable players in the space and processed approximately 593 million orders in 2019 with more than 70 million combined active customers globally.

**Key Terms**

- Under the terms of the Transaction, Grubhub shareholders will be entitled to receive American depositary receipts ("ADRs") representing 0.6710 Just Eat Takeaway.com ordinary shares in exchange for each Grubhub share, representing an implied value of $75.15 for each Grubhub share (based on the undisturbed closing price of Just Eat Takeaway.com on 9 June 2020 of €98.602) and implying a total equity consideration (on a fully diluted basis) of $7.3 billion.
- Immediately following completion of the Transaction, Grubhub shareholders are expected to own ADRs representing approximately 30.0% of the Combined Group (on a fully diluted basis).
- On completion, Matt Maloney, CEO and founder of Grubhub, will join the Just Eat Takeaway.com Management Board and will lead the Combined Group's businesses across North America and two current Grubhub Directors will join the Just Eat Takeaway.com Supervisory Board.
- The Transaction is subject to the approval of both Just Eat Takeaway.com's and Grubhub's shareholders, as well as other customary completion conditions. Subject to satisfaction of the conditions, completion of the Transaction is anticipated to occur in the first quarter of 2021.
- The Combined Group will be headquartered and domiciled in Amsterdam, the Netherlands, with its North American headquarters in Chicago and a significant presence in the U.K..
- Just Eat Takeaway.com is listed on Euronext Amsterdam and the Main Market of the London Stock Exchange and will introduce an ADR listing in the U.S.

Both the Managing Board and the Supervisory Board of Just Eat Takeaway.com and the Board of Directors of Grubhub are recommending the Transaction to their respective shareholders. Jitse Groen, CEO and founder of Just Eat Takeaway.com, has entered into a voting and support agreement, and subject to and in accordance

with the terms thereof, has committed to vote in favour of the Transaction at the Just Eat Takeaway.com extraordinary general meeting ("EGM").

Jitse Groen, CEO and founder of Just Eat Takeaway.com, said: "Matt and I are the two remaining food delivery veterans in the sector, having started our respective businesses at the turn of the century, albeit on two different continents.  Both of us have a firm belief that only businesses with high-quality and profitable growth will sustain in our sector.  I am excited that we can create the world's largest food delivery business outside China.  We look forward to welcoming Matt and his team to our company and working with them in the future."

Matt Maloney, CEO and founder of Grubhub, commented: "When Grubhub and Seamless were founded, the online takeout industry didn't exist in the U.S..  My vision was to transform the delivery and pick-up ordering experience. Like so many other entrepreneurs, we started modestly – restaurant by restaurant in our Chicago neighbourhood. Today, Grubhub is a leader across North America.  I've known Jitse since 2007 and his story is much like mine.  Combining the companies that started it all will mean that two trailblazing start-ups have become a clear global leader.  We share a focus on a hybrid model that places extra value on volume at independent restaurants, driving profitable growth.  Supported by Just Eat Takeaway.com, we intend to accelerate our mission to be the fastest, best and most rewarding way to order food from your favourite local restaurants in North America and around the world.  We could not be more excited."

**Strategic Rationale**

Just Eat Takeaway.com's mission has consistently been focused on becoming the best food delivery company on the planet.  Since its founding in 2000, Takeaway.com has chosen only to enter into markets in which it believes it can become a leader and be profitable.  In fact, it is one of the rare examples of a profitable food delivery platform.  The profits in the Netherlands helped secure a leadership position in Germany and other Continental European countries.  The growth and profitability of the Takeaway.com businesses eventually allowed it to merge with Just Eat, another profitable European food delivery business.  As a result, Just Eat Takeaway.com has leading positions in three of the world's four largest profit pools for food delivery: the U.K., Germany and the Netherlands.

Just Eat Takeaway.com management believes that Grubhub is the best food delivery company in the U.S. and it is the only one which is culturally similar to Just Eat Takeaway.com.  It has its origins in marketplace, and unlike most other food delivery companies, it has consistently been EBITDA positive.  The competitive situation in the U.S. has changed over the past few years.  In response, Grubhub successfully transformed its business into a hybrid model to meet the heightened competition.  Just Eat Takeaway.com management believes that this is the right strategy.  Success in the U.S. depends on deploying the right mix of logistics and marketplace region-by-region, a balance Grubhub has achieved with

profitable leading positions in key U.S. population centres.  Despite this progress, the U.S. remains an underpenetrated market, with a tremendous TAM.  It is nowhere near its end-state.

Grubhub as part of Just Eat Takeaway.com will become a much stronger business. Just Eat Takeaway.com owns SkipTheDishes, the clear leader in Canada.  By building a North American leadership position, Just Eat Takeaway.com will be able to further strengthen both the Canadian and U.S. businesses.  Just Eat Takeaway.com will prioritise sustainable growth over profits, as this has been a major driver of its strategy and success in Europe.  Grubhub has leading positions in a number of large U.S. cities, including New York. Just Eat Takeaway.com intends to invest in expanding these leading positions.

While in spirit Just Eat Takeaway.com is the same company as at the beginning of last year, in size it is not.  Just Eat Takeaway.com has become one of the world's largest food delivery companies.  The latter also means that its main competitors are no longer from Europe.  They are large international operators.  This transaction significantly strengthens its global competitive position. . . .

## C. False and Misleading Statements and/or Material Omissions in the Proxy Statement

22. On May 12, 2021, Defendants authorized the filing of the Proxy Statement with the SEC. The Proxy Statement recommends that the Company's shareholders vote in favor of the Proposed Transaction.

23. Defendants were obligated to carefully review the Proxy Statement prior to its filing with the SEC and dissemination to the Company's shareholders to ensure that it did not contain any material misrepresentations or omissions. However, the Proxy Statement misrepresents and/or omits material information that is necessary for the Company's shareholders to make informed decisions regarding whether to vote in favor of the Proposed Transaction, in violation of Sections 14(a) and 20(a) of the Exchange Act.

24. First, the Proxy Statement omits material information regarding Grubhub's and Just Eat Takeaway's financial projections.

25. For example, the Proxy Statement fails to disclose the Company's unlevered free cash flows and underlying line items, that the Company's financial advisor Evercore Group L.L.C. ("Evercore") utilized for its discounted cash flow analysis.

26. The Proxy Statement fails to disclose Grubhub's preliminary financial projections, reviewed at the February 12, 2020 meeting of the Board.

27. The Proxy Statement further fails to disclose all line items underlying (i) the Company's levered free cash flows; and (ii) Just Eat Takeaway's unlevered free cash flows.

28. Second, the Proxy Statement omits material information regarding the analyses performed by Evercore.

29. With respect to Evercore's *Discounted Cash Flow Analysis* of Grubhub, the Proxy Statement fails to disclose: (i) the unlevered free cash flows for Grubhub; (ii) the estimated terminal year adjusted EBITDA; (iii) the terminal values for the Company; (iv) the individual inputs and assumptions underlying the discount rate range of 9.0% to 11.0%; (v) the tax savings of Grubhub attributed to unused tax losses; (vi) net debt; and (vii) the fully diluted outstanding shares of the Company.

30. With respect to Evercore's *Discounted Cash Flow Analysis* of Just Eat Takeaway, the Proxy Statement fails to disclose: (i) the estimated terminal year adjusted EBITDA; (ii) the terminal values for Just Eat Takeaway; (iii) the individual inputs and assumptions underlying the discount rate range of 9.0% to 11.0%; (iv) the tax savings of Just Eat Takeaway attributed to unused tax losses; (v) net debt; and (vi) the fully diluted outstanding shares of Just Eat Takeaway.

31. With respect to Evercore's *Equity Research Analyst Price Targets* analyses, the Proxy Statement fails to disclose the price targets observed for each of Grubhub and Just Eat Takeaway and the sources thereof.

32.  Third, the Proxy Statement further fails to disclose potential conflicts of interest faced by the Company's financial advisor, Centerview Partners LLC ("Centerview").

33.  The Proxy Statement fails to disclose: (i) the amount of compensation Centerview has received or will receive in connection with its engagement; (ii) the amount of Centerview's compensation that is contingent upon the consummation of the Proposed Transaction; (iii) the details of any past services Centerview has performed for any parties to the Merger Agreement or their affiliates, including the timing and nature of such services as well as the amount of compensation received by Centerview for providing such services; and (iv) the scope of Centerview's engagement.

34.  The omission of the above-referenced material information renders the following sections of the Proxy Statement false and misleading: "Certain Unaudited Prospective Financial Information Prepared by Grubhub," "Opinion of Grubhub's Financial Advisor," and "Background of the Merger."

## COUNT I

### For Violations of Section 14(a) and Rule 14a-9 Promulgated Thereunder
### Against All Defendants

35.  Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

36.  During the relevant period, Defendants, individually and in concert, directly or indirectly, disseminated or approved the false and misleading Proxy Statement specified above, which failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder by the SEC.

37.  Each of the Individual Defendants, by virtue of his/her positions within the

Company as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a) of the Exchange Act. Defendants, by use of the mails and means and instrumentalities of interstate commerce, solicited and/or permitted the use of their names to file and disseminate the Proxy Statement with respect to the Proposed Transaction. The Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

38. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder would consider them important in deciding how to vote on the Proposed Transaction.

39. By reason of the foregoing, the Defendants have violated Section 14(a) of the Exchange Act and SEC Rule 14a-9(a) promulgated thereunder.

40. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### For Violations of Section 20(a) of the Exchange Act
### Against the Individual Defendants

41. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if set forth in full.

42. The Individual Defendants acted as controlling persons of Grubhub within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Grubhub, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control,

directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

43. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

44. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Proxy Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Proxy Statement.

45. In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Proxy Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

46. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

47. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and SEC Rule 14a-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these Defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of Defendants' conduct, Grubhub's stockholders

will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment and relief as follows:

A.  Preliminarily and permanently enjoining Defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until Defendants disclose and disseminate the material information identified above to Grubhub stockholders;

B.  In the event Defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.  Declaring that Defendants violated Sections 14(a) and/or 20(a) of the Exchange Act, as well as SEC Rule 14a-9 promulgated thereunder;

D.  Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.  Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated:  June 2, 2021                                      Respectfully submitted,

                                                       By  /s/ *Shallom Engel*
                                                          Shallom Engel
                                                          **Engel Law PLLC**
                                                          2329 Nostrand Avenue, Suite 100
                                                          Brooklyn, NY 11210
                                                          Telephone: (917) 573-6555
                                                          Email: shallom@engellawpllc.com

                                                          *Attorneys for Plaintiff*